IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EL PASO MERCHANT ENERGY-PETROLEUM COMPANY,<br><br>COASTAL ARUBA REFINING COMPANY, N.V.,<br><br>COASTAL EAGLE POINT OIL COMPANY, and<br><br>PACIFIC REFINING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-1094C<br>(Judge Block) |

**PLAINTIFFS' UNOPPOSED MOTION TO PARTIALLY LIFT STAY FOR PURPOSES OF FILING <u>PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO RCFC 15(a)</u>**

Plaintiffs, El Paso Merchant Energy – Petroleum Company, Coastal Aruba Refining Company, N.V., Coastal Eagle Point Oil Company, and Pacific Refining Company (collectively, "Coastal"), respectfully request that the Court partially lift the stay of this matter to permit Coastal to file its First Amended Complaint, which is submitted together with this motion.

Coastal's original complaint – filed on August 30, 2002 – challenged the denial of claims filed under ninety-four contracts that were the subject of a final decision issued by the Defense Energy Support Center ("DESC") on September 4, 2001. After the August 30, 2002 filing of Coastal's original complaint, DESC issued a separate final decision on November 1, 2002. The November 1, 2002 final decision denied Coastal's claims with respect to nine additional contracts as well as Coastal's supplementation of previously-filed claims under seven contracts.

Coastal must file in this Court within one year – by November 1, 2003 – to preserve its right to challenge the November 1, 2002 final decision. Accordingly, Coastal's First Amended Complaint simply includes the additional claims that were the subject of the November 1, 2002 final decision.

On August 20, 2003, this Court indefinitely stayed this matter "pending final resolution" of a matter that involved issues "directly related" to Coastal's complaint. While Coastal does not know exactly when the related matter will be finally resolved, it appears unlikely that such matter will be resolved prior to the November 1, 2003 date by which Coastal must file its First Amended Complaint to preserve its additional claims. Accordingly, Coastal seeks to file its First Amended Complaint now, and respectfully requests that the Court partially lift the stay of this action solely for that purpose.[1] Counsel for defendant has indicated to Coastal's counsel that defendant does not oppose Coastal's request to lift the stay for purposes of filing Coastal's First Amended Complaint.

1 On October 30, 2002, Coastal moved for partial summary judgment on Count I of the Complaint. Thereafter, on December 10, 2002, in lieu of answering the original complaint, defendant cross-moved for summary judgment and opposed Coastal's summary judgment motion. While the parties' cross-motions are equally applicable to the additional claims raised in Coastal's amended complaint, the parties would anticipate providing limited supplementation of their motions with respect to these claims at such time as the stay of proceedings may be lifted for all purposes.

RCFC 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" without seeking leave of Court or consent of the adverse party. Here, defendant has filed a motion for summary judgment, but, to date, has not filed a responsive pleading. Accordingly, Coastal respectfully files its First Amended Complaint as of right.[2]

## CONCLUSION

For the foregoing reasons, Coastal respectfully requests that the Court partially lift the stay of this matter to permit Coastal to file its First Amended Complaint.

Respectfully submitted,

s/J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5208 (Fax)

Attorneys for Plaintiffs
El Paso Merchant Energy – Petroleum Company,
Coastal Aruba Refining Company, N.V.,
Coastal Eagle Point Oil Company, and
Pacific Refining Company

*Of Counsel:*

Adrian L. Steel, Jr.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

September 26, 2003

[2] To the extent it could be deemed necessary, counsel for defendant has also consented pursuant to RCFC 15(a) to the filing of Coastal's First Amended Complaint.