IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EL PASO MERCHANT ENERGY-<br>PETROLEUM COMPANY,<br><br>COASTAL ARUBA REFINING<br>COMPANY, N.V.,<br><br>COASTAL EAGLE POINT OIL<br>COMPANY, and<br><br>PACIFIC REFINING COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 02-1094C<br>(Judge Block) |

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**<u>LEAVE TO EXCEED THE PAGE LIMITATION</u>**

Pursuant to Rule 5.2(b)(1), Plaintiffs, El Paso Merchant Energy – Petroleum Company, Coastal Aruba Refining Company, N.V., Coastal Eagle Point Oil Company, and Pacific Refining Company (collectively "Coastal"), respectfully request leave to exceed the page limitation for their Opposition to Defendant's Motion to Dismiss. Defendant does not oppose this motion.

This case involves allegations that, during the last twenty years, the Defense Energy Support Center ("DESC") violated the law by, *inter alia*, illegally establishing the price of military fuel. Coastal's claims involve over one hundred contracts and the sale of approximately $3 billion of military fuel. Coastal's claims are set forth in a Second Amended Complaint of seven counts which raises a number of significant issues relating to the substance of DESC's violation of the law, the nature of the remedy available, and the measure of recovery.

Coastal seeks leave to exceed the page limitation because of the complexity and importance of the issues raised in DESC's Motion to Dismiss. DESC's motion identifies eleven issues (including the four subparts identified in question number four). Several of these issues involve allegations of multi-faceted violations of the law, others involve the court's jurisdiction or ability to grant relief, and still others involve a course of dealing between the parties spanning nearly twenty years. Thus, in addition to allegations of illegality, Coastal also asserts that it is entitled to relief on the grounds of misrepresentation, breach of contract, failure of consideration and frustration of purpose, mistake, and a Fifth Amendment taking.

DESC's motion seeks to dismiss all seven counts of Coastal's Second Amended Complaint. In many instances, DESC proffers a series of short volleys at a claim, each of which require a detailed factual and legal response by Coastal. Coastal's response is further complicated by the fact that there has been no discovery, and Coastal is therefore required to argue from an incomplete record. DESC also raises a complex defense of waiver and estoppel, which similarly requires an extended factual and legal response by Coastal.

Coastal believes that it is in the interest of justice for the issues raised in DESC's motion to be fully briefed. This is one of approximately thirty similarly situated cases, and the history of this litigation, which has already seen a certified appeal under 28 U.S.C. § 1292(d)(2), suggests that, regardless of the outcome, appeals will follow. Coastal believes that it will promote expeditious resolution of this case for all of the eleven issues DESC raises in its motion to be fully addressed at this time, particularly since resolution of this case may implicate important precedential issues in the other thirty similarly situated cases.

## CONCLUSION

For the foregoing reasons, Coastal respectfully requests that its Unopposed Motion for Leave to Exceed the Page Limitation be granted.

Respectfully submitted,

s/J. Keith Burt

J. Keith Burt
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5208 (Fax)

Attorneys for Plaintiffs
El Paso Merchant Energy – Petroleum Company,
Coastal Aruba Refining Company, N.V.,
Coastal Eagle Point Oil Company, and
Pacific Refining Company

*Of Counsel:*

Adrian L. Steel, Jr.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006

December 14, 2005