IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EL PASO MERCHANT ENERGY PETROLEUM COMPANY et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 02-1094C (Judge Block) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to RCFC 6(b), defendant respectfully requests an enlargement of time of twenty-one days, from February 8, 2006, to and including March 1, 2006, within which to file our reply to plaintiffs' opposition to our motion for summary judgment. This is our first enlargement for this purpose. Plaintiffs oppose this request and will file an opposition.

This is the first opportunity we have had to respond to plaintiff's response to our motion to dismiss. Plaintiffs have responded with an 80-page brief, a motion pursuant to RCFC 56(f), and a voluminous appendix. Because this is, in essence, the actual statement of plaintiffs' case, beyond the general non-specific allegations contained in the complaint, our reply brief will be the point at which the analysis of plaintiffs' ultimate case must occur. In doing so, it is likely we will seek to exceed the page limit and consult with witnesses concerning what has been said of them in plaintiffs' papers. In short, this will be no perfunctory reply. It will require investigation, new research, and original and extensive drafting. Defendant has already conferred with the two-assigned agency counsel to direct their efforts in this investigation and response, and they have already made some progress in doing so.

Unfortunately, because of defendant's counsel's extremely and unexpectedly busy schedule, and illness, within the last two weeks, he has been unable to participate in that effort.

That is because, since receipt of plaintiffs' brief, defendant's counsel has devoted his efforts to other matters scheduled in this Court before the receipt of plaintiffs' brief. These matters include: These matters include: preparing and filing briefs in Sunoco v. United States, Fed. Cl. No. 02-466C, Flint Hills v. United States, Fed. Cl. No. 02-462C, Conoco v. United States, No. 02-1367C; Calcasieu v. United States, Fed. Cl. 02-1219C; preparing our brief in Valero v. United States, another jet-fuel case for which we have sought a seven-day (opposed) enlargement; participating in planning and settlement meetings in VT Halter v. United States, No. 05-369C; conducting and preparing for weekly meetings that culminated in an agreed-upon settlement proposal during a near all-day negotiating session in Rocky Mountain v. United States, No. 04-1434, a case involving a complex regulatory scheme and complicated actuarial questions, in which the parties have been involved in an intensive alternative bilateral dispute resolution procedure under this Court's close supervision; and continuing to negotiate over the design of a claim survey form and electronic data sharing protocol in Christofferson v. United States, No. 01-495C, a case involving the individual claims of approximately 8000 former Federal employees.

The case that created the largest single schedule set back by far has been Clark Construction v. United States, a Wunderlich Act, fact-intensive, construction claim appeal of a board's a 358-page opinion. Plaintiff's brief rests upon over100 proposed findings, each comprising multiple subfindings, which must be addressed in detail, and appeals holdings concerning eight discrete claims, each with significant sub issues. The case was tried by a private practitioner for a Congressional agency and he was tasked by the agency to sift through the 30 boxes of documents, assemble a proposed administrative record and respond to the

detailed factual allegations presented. By the time defendant's counsel was able to divert his attention from the approximately 30 jet-fuel cases to which he attends weekly, and the weekly settlement negotiations during December and January, in Rocky Mountain, it was clear that a substantial amount of work was required and he would have to learn the case in great detail. Consequently, he devoted almost every hour for the next two weeks to that case, including weekends and very late nights. At the end of that period, defendant's counsel became ill, with a significant fever, which slowed his efforts on that case.

Coordinating our response among defendant's counsel, the agency's trial attorney (a private practitioner, who is most familiar with the record itself), and the agency has been complicated by, among other things, the iterative process of identifying all necessary appendix cites, paginating them, exchanging views on the many facts and points involved, and then ensuring that the supporting documentation is given a unique page number and referred to throughout the various draft documents and their exchanges by that number (as opposed to the more readily recognizable internal pagination - for example, "Witness Transcript page 32"). The process also has been complicated by other demands on the trial attorney's time, including a trip to New York. That brief was filed on its due date, February 3.

Based on the complexities of Clark, this Court granted an unopposed enlargement of nine days to February 3 to file the Government's brief. On the day before seeking that enlargement, defendant's counsel informed plaintiffs' counsel that he was "working day and night on during the last week. It's likely, I'll continue to be working 12-15 hours a day on this through next Tuesday," and that, when he had the time, he would look at the entire "jet-fuel litigation" schedule and attempt to design a schedule that would result in minimal overall delay.

Our request for an enlargement in this case has that purpose in mind. Currently, ten jet-fuel moving and reply briefs are scheduled to be filed between February 3, and March 3, 2006 (a motion to extend one by one week is pending). Essentially, our plan is to schedule the first reply briefs deeper into February, so that we have time to think them through, then file the remaining briefs in a more tightly-clustered pattern in late February, and mid-March. The first "jet-fuel" reply brief to become due, according to the service of plaintiff's brief, was the one in Sunoco v. United States, No. 02-466C, which would have been due on February 3. We sought an extension of that deadline to February 24, with the idea that there, we would develop the Government's model reply for use in the later-scheduled briefs. Today, we learned that the Court has, indeed, scheduled our reply in Sunoco for February 24. Pursuant to our plan, the first following reply briefs to become due would be El Paso and Hermes (Fed. Cl. No. 02-1460C), three business days later.

We request twenty-one days, because our experience on these cases makes it clear that an effort of this magnitude will not be done to standard within any shorter time. In addition, other cases pending before this Court also must be attended to during that time. These include writing a detailed settlement memorandum for the Authorized Representative of the Attorney General, in Rocky Mountain. The proposed settlement (which bears no interest) was reached on January 17, with the idea that it would be processed promptly, but had to be postponed to attend to Clark and the other matters set forth above. A status report is due to be filed on February 21, 2006, if the matter is not dismissed by then. These matters also include: filing our brief in Valero v. United States and preparing and filing the reply brief in Sunoco; attempting to finalize our negotiations concerning the claim questionnaire and data production concerning the approximately 8,000

claimants in Christofferson v. United States, which, if not settled, will require a briefing to the Court, which we expect would be due to be filed by February 14; completing our portion of the joint appendix and index in Clark; preparing an outline of an ADR proposal in V.T. Halter, so that the parties can exchange position papers and necessary documents in time to meet in Michigan in mid-March; obtaining an expert in Phylway v. United States, No. 05-215C, so that the expert can be sufficiently prepared to participate in a settlement discussion in the first week of April or depositions in the third week of April; and taking one day of leave to honor a commitment to be a school chaperone for a school trip.

For these reasons, defendant respectfully requests an enlargement of time of twenty-one days, from February 8, 2006, to and including March 1, 2006, within which to file our reply to plaintiffs' opposition to our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham

STEVEN J. GILLINGHAM
Assistant Director
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Department of Justice
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

OF COUNSEL:

DONALD S. TRACY
Trial Attorney
Defense Supply Center Richmond
Richmond, VA 23297

HOWARD M. KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Ft. Belvoir, VA

Attorneys for Defendant

February 7, 2006

CERTIFICATE OF FILING

I hereby certify that on February 7, 2006, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham